19-3373-cv
*Myles v. Jacobs*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-one.

PRESENT:
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> > *Circuit Judges*,
>
> PAMELA K. CHEN,*
> > *District Judge*.

_____

RUNNIE MYLES,

> *Plaintiff-Appellant*,

v.                                                                      No. 19-3373

JAY JACOBS, NASSAU COUNTY BOARD OF ELECTIONS, DAVE GUGERTY, IN HIS OFFICIAL CAPACITY AS DEMOCRATIC COMMISSIONER OF THE NASSAU COUNTY BOARD OF

_____

* Pamela K. Chen, District Judge for the Eastern District of New York, sitting by designation.

ELECTIONS, JOHN DOE AND JANE DOE # 1–10,
AND THE COUNTY OF NASSAU,

*Defendants-Appellees.*

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | JONATHAN C. CLARKE, Clarke & Fellows, P.C., Farmingdale, NY. |
| **For Defendant-Appellee Jay Jacobs:** | KEITH M. CORBETT (Stephanie L. Tanzi, *on the brief*), Harris Beach PLLC, Uniondale, NY. |
| **For Defendants-Appellees Nassau County Board of Elections, Dave Gugerty, John Doe and Jane Doe 1–10, and the County of Nassau** | AMY B. MARION (John S. Cahalan, *on the brief*), Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY. |

Appeal from the United States District Court for the Eastern District of New York (Lindsay, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction.

Appellant Runnie Myles appeals a judgment of the district court (Lindsay, *M.J.*) dismissing his claims against Defendants-Appellees Jay Jacobs, Dave Gugerty, John Doe and Jane Doe 1–10, Nassau County Board of Elections, and the

County of Nassau in connection with Myles's efforts to be placed on the ballot for election to the City of Long Beach city council. Although Myles brought a variety of claims below, he makes clear that he "only appeals [the] denial of his First Amendment claims." Appellant Br. at 4. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"Because constitutional standing implicates the subject matter jurisdiction of the Court, we may raise the issue *nostra sponte*." *In re Clinton Nurseries, Inc.*, 998 F.3d 56, 63 (2d Cir. 2021). For a plaintiff to have standing, he must establish three things: (1) that he has an injury in fact; (2) that there is a causal connection between his injury and the conduct complained of; and (3) that his injury will be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, Myles has failed to allege any causal connection between the defendants' conduct and a harm to his First Amendment rights. Although Myles alleges that Jacobs, through Gugerty, ordered the employees of the Nassau County Board of Elections to go to the homes of the signatories of Myles's petition to "harass[]" them and "attempt[] to coerce them into admitting that their signatures were forged," Compl., E.D.N.Y. Doc. No. 1, at ¶ 28, Myles does not allege these actions had *any effect* on him or his placement on the ballot. Rather, Myles alleges

3

that the reason he withdrew his petition is because his attorney John Ciampoli –

who is not a defendant – "convinc[ed] [Myles] that he would be indicted for fraud

unless he withdrew his Designating Petition." *Id.* at ¶ 32. To the extent that

Myles's candidacy was "suppress[ed]," *id.* at ¶ 33, that was due to the actions of

his counsel, not any of the named defendants.

Myles also appears to allege that his candidacy was suppressed when

Jacobs "caused" an official Nassau County Democrat Designating Petition to be

"created" that did not include Myles, Compl., E.D.N.Y. Doc. No. 1, at ¶ 26, despite

Myles's nomination at the Nassau County Nominating Convention, *id.* at ¶¶ 23–

24. However, Myles concedes that he still "had the right to appear" on the

nominating petition as a duly nominated candidate, but was unaware at the time,

and so "created [his] own petition." *Id.* at ¶ 27. To the extent Myles's candidacy

was suppressed, it was due to his own actions – perhaps based on a

misunderstanding of his rights – and not the actions of Jacobs. Thus, under this

alternative theory, Myles has also failed to allege the requisite causal connection

between his injury and the defendants' conduct to confer standing.

Because Myles has failed to allege the requisite causal connection between

his alleged injuries and the defendants' conduct to confer standing, we "ha[ve] no

4

subject matter jurisdiction to hear the merits of [Myles's] claim" and the "only function remaining" for us is to "announc[e] [that] fact and dismiss[] the case." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005) (internal quotation marks omitted).

Accordingly, we **DISMISS** the appeal for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5